Juan **INOSENCIO**, LaSalle X. **Washington**, Joseph **Triplett**, on behalf of themselves and all others similarly situated; **Universal Fellowship of Metropolitan Community Churches, Detroit Metropolitan Community Church**, Rev. **Heather Anderson**, Rev. **Nancy Wilson**, Rev. **Ted L. Richmond**, Lee **Obery** and Rev. **Robert Arthur**, Plaintiffs-Appellants,

v.

Perry **JOHNSON**, Director, and Charles **Anderson**, Warden, their agents and employees jointly and severally, Defendants-Appellees.

No. 79–1242.

United States Court of Appeals, Sixth Circuit.

July 20, 1981.

---

John E. Wahl, San Francisco, Cal., for plaintiffs-appellants.

Frank J. Kelley, Atty. Gen. of Mich., Stephen F. Schuesler, Asst. Atty. Gen., Robert A. Derengoski, Sol. Gen., Andrew D. Quinn, Asst. Atty. Gen., Lansing, Mich., for defendants-appellees.

### ORDER

Before WEICK, LIVELY and JONES, Circuit Judges.

The plaintiffs in this action appeal from a summary judgment which dismissed their civil rights action which alleged that they were denied their First Amendment right to exercise their religion while in prison.

The plaintiffs are prisoners who are incarcerated in the Michigan Department of Corrections and ministers in their church, the Detroit Metropolitan Community Church. The Detroit Metropolitan Community Church is affiliated with the Universal Fellowship of Metropolitan Community Churches which is a Christian church and has a special ministry to the spiritual and religious needs of homosexuals. The church believes "that homosexuality represents another variation in the many ways that human beings use to express affection" and is actively involved in the gay rights movement. At the same time, the church states that it does not "teach, promote, or espouse homosexuality or any sexuality among its members."

This action arose from a request by the church to be allowed to conduct religious services at the State Prison at Southern Michigan. The Corrections Commission concluded that the church was a bona fide religion and permitted church chaplains to visit the prison. However, the Commission denied the church the right to conduct religion services.

Plaintiffs then filed this action which alleged that the prison officials had impermissibly infringed on their First Amendment right to exercise the religion of their choice. Each side moved for summary judgment and the district court granted the state's motion and held that the ban on religious services was constitutional. The court also dismissed the plaintiffs' equal protection claim.

In this appeal plaintiffs contend that the district court erred in granting summary judgment. We agree. In *Lipp v. Procunier*, 395 F.Supp. 871 (N.D.Cal.1975), a case which involved similar issues, a three-judge district court denied a similar summary judgment motion. In this case the plaintiffs should be given an opportunity to present evidence concerning the effect of the church's congregational services in prison and on the treatment of the church's ministers in prison.

The judgment of the district court is VACATED and the case is REMANDED for proceedings consistent with this order.